## NICHOLS & JACKSON v. CARSON.
### (No. 9235.)

(Court of Civil Appeals of Texas. Ft. Worth. March 27, 1920.)

**1. Brokers ⊚▭14—A broker can sell for cash only, where terms silent.**

A real estate broker, authorized to sell property for a price stated, has no authority except to sell for cash, where the agreement is silent as to whether the sale is to be made for cash or on terms.

**2. Brokers ⊚▭49(3)—Procuring purchaser on time did not entitle brokers to commissions.**

Where brokers were authorized to sell land for $50 an acre, and they procured a purchaser who desired to buy on time, there was no such compliance with the contract as to entitle them to commissions, and the vendor might reject the offer and revoke the broker's authority.

**3. Brokers ⊚▭44—Owner may revoke brokers' authority irrespective of reason therefor.**

Where a vendor was entitled to reject an offer procured by a broker, he might revoke their authority, as was his privilege, and the brokers cannot complain at the revocation on the ground that the owner desired to procure a higher price.

Appeal from District Court, Archer County; Wm. N. Bonner, Judge.

Action by J. S. Nichols and J. S. Jackson, partners as Nichols & Jackson, against Charles Carson. From a judgment for defendant, plaintiffs appeal. Affirmed.

Bullington, Boone, Humphrey & Hoffman, of Wichita Falls, and R. S. Morrison, of Archer City, for appellants.

W. E. Forgy, of Archer City, for appellee.

DUNKLIN, J. J. S. Nichols and J. S. Jackson, doing business as real estate brokers in Wichita Falls, Wichita county, instituted this suit against Charles Carson, who resided in Archer county, to recover a broker's commission which they alleged that defendant owed them for having procured a purchaser ready, willing, and able to buy a tract of land from the defendant at the price authorized by the defendant when he listed the property for sale with the plaintiffs.

The case was tried before a jury. The evidence showed without contradiction that the defendant did list the land with the plaintiffs for sale at the price of $50 per acre and agreed to pay plaintiffs a commission of 5

per cent. if they negotiated a sale at that price. The evidence further showed that at the time of such listing the defendant did not authorize a sale on a credit. He merely listed the land for sale at $50 per acre. Later plaintiffs found a purchaser for the land at the price of $50 per acre, or $16,000 in the aggregate, but not for all cash. The plaintiffs agreed with the purchaser that he might buy the property for $6,000 cash and the assumption of an incumbrance against the land for $3,000, and the balance of the purchase money in three equal payments, due respectively in one, two, and three years after date, with interest at the rate of 8 per cent., payable annually; and plaintiffs, as the agents of defendant, entered into a written contract with the purchaser to sell him the property at that price and upon those terms.

On February 13, 19—, defendant, whose post office was at Holliday, Archer county, wrote a letter to the plaintiffs addressed to them at Wichita Falls, saying that he had taken the land off the market. But, according to the testimony of plaintiff Jackson, the contract of sale with the purchaser was closed on February 12th, before that letter of revocation was written and before it was received, while according to the testimony of the defendant the plaintiffs could and should, in due course of the mail, have received his letter taking the land off the market before they wrote their letter to him notifying him of their sale of the land. Thus it appears that whether or not the agency for the sale of the land was revoked before the contract of sale with the proposed purchaser was made was a controverted issue under the evidence. There was testimony sufficient to support a finding that the reason why the defendant revoked the agent's authority to sell the land was that he had advanced the price of the land to $60 per acre instead of $50. There was also testimony sufficient to support a further finding that, if the proposed purchaser had been willing to pay the advanced price of the land, defendant would have sold the property for a part cash and the balance on credit.

The case was submitted to the jury on two special issues, and in answer thereto the jury found that the contract of sale made by the plaintiffs as defendant's agents with the proposed purchaser, procured by them was not made upon the terms at which the land was listed by the defendant with the plaintiffs, and further that plaintiffs could not have arranged with the proposed purchaser to buy the land for $50 per acre, all cash.

Appellants have presented two assignments of error—the first to the refusal of the court to give their request for a peremptory instruction to return a verdict in their favor; and, second, that the verdict of the jury

was contrary to the evidence in that after plaintiffs had procured a purchaser the defendant revoked the agency for the sole and only reason that he could not realize $60 per acre for the land rather than $50.

[1-3] It is elementary that one who is authorized as the agent for another to sell property for a price stated, and the authority so given is silent as to whether or not the sale is to be made for cash or on terms, has no authority to sell except for cash. Edwards v. Davidson, 79 S. W. 48, and authorities there cited; 4 R. C. L. pp. 313, 314; 9 Corpus Juris, pp. 525, 526.

Plaintiff Jackson testified that the proposed purchaser of the land was Judge Fitzgerald, with whom he entered into a written contract to sell the land. With reference to that contract he testified as follows:

"This contract is a contract between myself and Judge Fitzgerald. It is not the terms stated at the time this land was listed. We didn't have any terms when he first listed it. He just made the price and agreed to give me terms, and I didn't set that out."

The defendant testified specifically that he was unwilling to sell the land on any other terms than for all cash. This testimony of defendant Carson was sufficient to support the finding of the jury that he did not agree to sell the land on any other terms than for cash, and hence that plaintiffs did not find a purchaser upon the terms authorized by the defendant. Defendant having the right to revoke the agency, it was immaterial that such revocation was made because of the fact that he desired to sell for a higher price; he could have revoked it without assigning any reason at all.

For the reasons stated, both of appellants' assignments of error are overruled, and the judgment is affirmed.